UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WINIK MEDIA LLC,

|                          |   |
|--------------------------|---|
| Plaintiff,               | Civil Action No. 16-cv-2483 |
| - against -              | **COMPLAINT** |
| ONE UP GAMES LLC,        |   |
| Defendant.               |   |

---

Plaintiff Winik Media LLC ("Plaintiff"), by its attorneys, Rottenberg Lipman

Rich, P.C. for its Complaint alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Winik Media LLC ("Plaintiff") is a New Jersey company. All the

members of Plaintiff reside in New Jersey, and Plaintiff is a citizen of New Jersey.

2.      Defendant One Up Games LLC ("One Up") is a Delaware company with

its principal place of business in Palm Beach Gardens, Florida. Upon information and belief,

none of One Up's members reside in New Jersey.

3.      One Up as Purchaser and Plaintiff as the Members' Representative are

parties to a Unit Purchase Agreement dated as of August 14, 2015 (the "Purchase Agreement").

4.      Pursuant to the Purchase Agreement, One Up purchased all of the issued

and outstanding equity interests of CineSport LLC, a Delaware limited liability company (the

"Company") then held by the Members.

5.      Article 11.10 of the Purchase Agreement provides that any action arising

out of or in connection with the Purchase Agreement shall be brought on an exclusive basis in

either the Federal or New York State court located in the Borough of Manhattan, and that the

parties acknowledge that they are subject to personal jurisdiction and waive any objection based on venue or an inconvenient forum.

6.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391 (a) and (b) because a substantial part of the events giving rise to the claim occurred in this District, and One Up is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

8.     As the Members' Representative, pursuant to Article X of the Purchase Agreement, Plaintiff has the authority, among other things, to exercise the remedies available to the Members for any breaches of the Purchase Agreement by One Up.

9.     Pursuant to Section 2.3 (a) (ii) of the Purchase Agreement, One Up was required to pay $250,000 to the Members' Representative on or before October 13, 2015, which amount was to be held in the Members' Representative Escrow Reserve Account.

10.     Pursuant to Section 2.3 (b) of the Purchase Agreement, One Up was required to pay $200,000 to the Members on or before February 14, 2016.

11.     Despite due and repeated written demand, in material breach of its obligations pursuant to Sections 2.3 (a) (ii) and 2.3 (b) of the Purchase Agreement, One Up has failed to make the required payments in the aggregate amount of $450,000.

12.     In fact, in response to a demand letter from Plaintiff dated February 16, 2016, Daren Trousdell, the Chief Executive Officer of One Up, replied by email on the next day. Mr. Trousdell stated that " we are not disputing the payment due", and added "[t]o be clear, we

2

are moving the payment to March 15ᵗʰ on the contracted amount due". Despite Mr. Trousdell's

representation, and his unilateral extension of the payment date, the contracted payment has not

been made

      13.     Section 9.2 of the Purchase Agreement requires One Up to indemnify the

Members from any Losses resulting from, among other things, the failure of One Up to perform

any of its obligations contained in the Purchase Agreement. Losses as defined in Section 9.1 of

the Purchase Agreement include "court costs and reasonable legal fees and expenses".

      14.     Accordingly, by reason of its failure to perform its contractual obligations

One Up is liable for Plaintiff's court costs and reasonable legal fees and expenses incurred in the

action.

## FIRST CAUSE OF ACTION
(Breach of Contract)

      15.     Plaintiff repeats and realleges each and every allegation contained in

paragraph 1 through 14.

      16.     One Up is in material breach of its obligations pursuant to Sections 2.3 (a)

(ii) and 2.3 (b) of the Purchase Agreement.

      17.     By virtue of One Up's breach of contract, One Up is liable to Plaintiff for

damages in the amount of $450,000, plus court costs and reasonable legal fees and expenses, and

prejudgment interest as provided by New York law.

      WHEREFORE, Plaintiff respectfully demands judgment in the amount of

$450,000, plus court costs and reasonable legal fees and expenses, prejudgment interest as

provided by New York law, and such other and further relief as the Court deems just and proper.

3

Dated:  New York, New York
       April 4, 2016

ROTTENBERG LIPMAN RICH, P.C.

By: _____

Bertrand C. Sellier, Esq.
369 Lexington Avenue, 16th Floor
New York, New York 10017
Tel.: (212) 661-3080
bsellier@rlrpclaw.com

*Attorneys for Plaintiff*

4