# ROTTENBERG LIPMAN RICH, P.C.

NEW JERSEY OFFICE
PARK 80 WEST, PLAZA ONE
250 PEHLE AVENUE, SUITE 101
SADDLE BROOK, NEW JERSEY 07663
TELEPHONE (201) 490-2022
TELECOPIER (201) 490-2040

THE HELMSLEY BUILDING
230 PARK AVENUE
EIGHTEENTH FLOOR
NEW YORK, NEW YORK 10169
TELEPHONE (212) 661-3080
TELECOPIER (212) 867-1914

WWW.RLRPCLAW.COM

BERTRAND C. SELLIER
MEMBER
BSELLIER@RLRPCLAW.COM

April 7, 2017

**By ECF & HAND DELIVERY**

Hon. Deborah A. Batts
United States District Court
United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/17

RECEIVED
APR 10 2017
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

Re:   Winik Media LLC and Gregg Winik v. One Up Games, LLC
      Index No.: 16-CV-02483 (DAB)

Dear Judge Batts:

This firm represents plaintiffs Winik Media, LLC ("Winik Media") and Gregg Winik ("Winik") in the above-referenced action. Plaintiffs respectfully urge the Court to grant Winik Media's motion dated March 28, 2017 for a default judgment on its first cause of action. Defendant One Up Games, LLC ("One Up") has now failed to comply with three (3) orders of this Court to retain new counsel. In order to expedite this matter, plaintiffs withdraw their opposition to One Up's motion concerning the second and third causes of action, and consent to the granting of that motion, which is without prejudice to Mr. Winik's right to refile his claims under his Employment Agreement in Florida.

[Handwritten annotation: As motion on causes of action 2 and 3 GRANTED DAB 4/12/17]

On December 19, 2016, Your Honor granted the motion of Barton LLP to withdraw as One Up's counsel and ordered a Notice of Appearance to be filed by new counsel for One Up within sixty (60) days of the date of the order, i.e., by February 17, 2017. Your Honor subsequently issued orders dated March 7, 2017 (giving One Up twenty (20) days to retain new counsel), and March 28, 2017 (giving One Up until March 29, 2017). One Up has failed to comply with any of these orders.

Winik Media's motion for judgement on the first cause of action should be granted because One Up is in default of its obligations to Winik Media pursuant to a Unit Purchase Agreement dated as of August 14, 2015 (the "Purchase Agreement"), which provided for One Up's purchase of CineSport LLC. The amount currently owed to Winik Media pursuant to the first cause of action is $800,000. As noted in paragraph 14 of the complaint, One Up's Chief Executive Officer specifically acknowledged, and promised to honor, One Up's obligation. Unfortunately, One Up has failed to do so.

**SO ORDERED**

*Deborah A. Batts* 4/12/17
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

ROTTENBERG LIPMAN RICH, P.C.

Hon. Deborah A. Batts
April 7, 2017
Page 2

      In addition to its obligations to Winik Media, One Up has defaulted on its obligations to the Barton firm, under a settlement agreement in <u>Major League Baseball Players Associates v. One Up Games LLC</u>, 16-CV-4084 (PKC), and to various licensors, vendors, consultants, and former employees. One Up's has failed to comply with three orders of this Court to retain new counsel. Winik Media respectfully submits that under these circumstances its motion for judgment on its first cause of action should be granted, as the delay caused by One Up is severely prejudicing Winik Media's ability to recover what it is owed.

      We appreciate Your Honor's consideration of these matters.

      Respectfully,

      /S/

      Bertrand C. Sellier

BCS: jbs